Pearson, C. J.
 

 We agree to the proposition assumed by Mr. Haywood, that the effect of the act of the Legislature which takes from creditors the right to have execution by writ of
 
 capias ad satisfaciendum,
 
 is to originate a jurisdiction
 
 *233
 
 in equity by which debtors will be compelled to apply legal choses in action to the discharge of their debts. This jurisdiction rests on the ground that there would “ otherwise be a failure of justice.” "Wherever there is a right there is a remedy, and if a party be
 
 “
 
 remediless at law,” it is the province of courts of equity to give relief. Two things are necessary to induce the court to take jurisdiction. The fact of indebtedness must be eptablished by a judgment at law; for that is a pure legal question. The fact that the debtor has no property which can be reached by the writ of
 
 fieri facias
 
 must be established by the return of
 
 nulla bona,
 
 or, under special circumstances, by some other sufficient proof. (See the authorities cited on the argument.) Whether in the exercise of this jurisdiction the court, on the maxim “ equality is equity,” will allow other creditors to be made parties, and come in for a distribution of the fund, is a question well worthy of consideration.
 

 We also agree to the proposition assumed by Mr. Moore, that a vendor of land, who has let the purchaser into possession and retains the legal title as a security for the payment of the purchase money, occupies the relation of a mortgagee when the mortgagor is in possession, and has the right to take possession at any time and go into the pernancy of the profits, and may, on notice given, require the tenants to pay the rent to him to be applied to keep down the interest, and any surplus to the discharge of principal. (See the authorities cited on the argument.) Whether there is a distinction in cases of imperfect mortgage: that is, the mortgage of an
 
 equitable
 
 estate, or a sale by a vendor who has not obtained the legal title, is a question not presented by this case, even supposing that Eobson is under obligations to allow Mrs. Fentress to have the property on payment of the purchase money with interest. And upon this we are not at liberty to intimate an opinion; for we put our decision on the ground that Fentress, in renting the property,
 
 *234
 
 either acted as the agent of Robson, or, if acting then for himself and intending to put the rents to his own use, that his subsequent letters to Robson and his admissions and assurances to the agent of Robson,
 
 before the plaintiffs filed their bill,
 
 had the effect of an equitable assignment of the rents and an appropriation of them to the liquidation oí the balance of purchase money due by Robson to the plaintiffs; and consequently that they have no right to intercept the fund and apply it to another debt owing by Fentress to them, as is the object oí this bill.
 

 Per Curiam.
 

 Bill dismissed with costs.